UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24543-CIV-LENARD/O'SULLIVAN

JUAN ABANTO,

    Plaintiff,

v.

HAYT, HAYT & LANDAU, P.L.,
ROBERT J. OROVITZ, P.A. and
ROBERT J. OROVITZ,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant, Hayt, Hayt & Landau's Motion to Dismiss Amended Complaint with Prejudice (DE# 11, 3/28/12) and the plaintiff's Motion to Compel Robert J. Orovitz to Accept Service of Summons and First Amended Complaint (DE# 16, 4/18/12).  Having reviewed the motions and having heard argument from the plaintiff and the defendant, Hayt, Hayt & Landau, P.L, it is

ORDERED AND ADJUDGED that the Defendant, Hayt, Hayt & Landau's Motion to Dismiss Amended Complaint with Prejudice (DE# 11, 3/28/12) is GRANTED in part and the Amended Complaint is dismissed without prejudice. See Ashcroft v. Iqbal, 129 S. Ct.  1937, 1950 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (holding that to survive a motion to dismiss "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").  The plaintiff's Amended Complaint lacks sufficient factual allegations.  For example, the plaintiff must describe the facts that support his allegations in the following paragraphs in the Amended Complaint:

Paragraph 28(a) fails to describe how the defendants allegedly violated 15 U.S.C. § 1692(e) "by use of any other false, deceptive, or misleading representation or means in connection with the collection of a debt."

Paragraph 28(b) fails to describe how the defendants violated 15 U.S.C. §

1692(e) "by falsely representing the character amount, or legal status of any debt."

Paragraph 28(c) fails to describe what action by the defendants violated 15 U.S.C. § 1692(e)(5) "by threatening to take any action that could not legally be taken or that was not intended to be taken."

Paragraph 28(d) fails to describe how the defendants violated 15 U.S.C. § 1692(e) (10) "by the use of any false representation or deceptive means...."

Paragraph 28(e) fails to describe how the defendants violated 15 U.S.C. § 1692(e) (11) "by failing to warn that it was a debt collector."  The plaintiff must describe the initial communication he received from the defendants.

Paragraph 28(f) fails to describe how the defendants violated 15 U.S.C. § 1692(e)(f)(1) "by collection of any amount...."  The defendant must describe the amount and the agreement upon which he relies.

Paragraph 28(g) fails to describe how the defendants violated 15 U.S.C. § 1692 g b) [sic] "by not ceasing collection efforts until the debt was validated."

Paragraph 30 improperly includes all prior allegations.  Only relevant prior allegations should be included.

Paragraph 33(a) fails to describe to whom the defendants disclosed information in the alleged violation of Fla. Stat. § 559.72(6) "by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing the fact...."  The plaintiff fails to allege whether the plaintiff request validation of the debt within 30 days of receipt of notice by the defendants.

Paragraph 33(b) fails to describe the debt that was allegedly not legitimate and how the defendants allegedly violated Fla. Stat. § 559.72(9). Because the Amended Complaint provides insufficient facts to support the claims alleged, it is further

ORDERED AND ADJUDGED that the plaintiff is granted leave to file a second amended complaint by **Friday, May 18, 2012**.[1]  It is further

---

[1]The plaintiff advised the Court that he could file a second amended complaint within seven (7) days.  The undersigned gave the plaintiff ten (10) days to file a second amended complaint.

ORDERED AND ADJUDGED that by **Wednesday, May 16, 2012,** the defendant, **Robert J. Orovitz**, shall file a notice with the Court to advise whether he plans to accept service of process or shall file a response to the plaintiff's Motion to Compel Robert J. Orovitz to Accept Service of Summons and First Amended Complaint (DE# 16, 4/18/12).

DONE AND ORDERED, in Chambers, at Miami, Florida, this **10th** day of May, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Lenard
All Counsel of Record

3