UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24543-CIV-O'SULLIVAN

[CONSENT CASE]

JUAN ABANTO,

    Plaintiff,

v.

HAYT, HAYT & LANDAU, P.L.,
et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion to Dismiss Second Amended Complaint (DE# 25, 6/2/12) and the Plaintiff's Motion for Leave to Amend Second Amended Complaint (DE# 30, 7/17/12). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss Second Amended Complaint (DE# 25, 6/2/12) is **GRANTED** as more fully discussed below. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion for Leave to Amend Second Amended Complaint (DE# 30, 7/17/12) is **DENIED as moot.**

## DISCUSSION

I.    The Plaintiff Failed to Give Timely Notice that the Debt Was Disputed.

The plaintiff's Second Amended Complaint (DE# 23, 5/18/12) alleges that the defendants violated the Fair Debt Collections Practices Act ("FDCPA") (Count I) and the

Florida Consumer Collections Practices Act ("FCCPA") (Count II).  The plaintiff's allegations regarding violations of the FDCPA are due to the defendants' filing of a lawsuit in state court on behalf of the creditor.  The plaintiff's allegations are that the defendants failed to attach documentation to the complaint in the state court action and failed to validate the debt before filing a lawsuit on behalf of American Express in state court.  The plaintiff attached a copy of the letter dated September 2, 2011 from the defendants providing notice of the intent to collect the debt and notice that the debt would be assumed valid if the plaintiff failed to notify the defendants within 30 days of receipt of the letter that the debt or any portion of it was disputed.  (DE# 23, Ex. A, 5/18/12).  The defendants sent a second letter dated October 4, 2011 (DE# 23, Ex. B, 5/18/12) that advised the plaintiff that the creditor would decide whether to file suit within ten days of the date of the letter and provided a settlement offer.  On October 13, 2011, the plaintiff sent a letter to give "notice that your claim is disputed."  (DE# 23, Ex. C, 5/18/12)

     Based on the allegations and the exhibits attached to the Second Amended Complaint, it is undisputed that the plaintiff failed to give timely notice that the debt was disputed and thus, verification of the debt was not required and the defendant was entitled to assume the debt to be valid and to proceed with collection. See Paragraph 10 and Exhibits A, B, and C of the Second Amended Complaint (DE# 23, Ex. A, B, C, 5/18/12). Reese v. JPMorgan Chase & Co., 686 F. Supp. 2d 1291 (S.D. Fla. 2009) ("A complaint warrants dismissal if a plaintiff fails to identify how conduct was unfair or unconscionable under 15 U.S.C. § 1692(f).") (other citation omitted).  "If no written demand is made within thirty days, 'the collector may assume the debt to be valid.'"

Antoine v. J.P. Morgan Chase Bank, 757 F. Supp. 2d 19, 23 (D.C. 2010)  (quoting Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); 15 U.S.C. §1692g(a)(3)).  Count I fails to state a cause of action for violation of the FDCPA and is dismissed with prejudice.

II.     The Litigation Privilege Bars Count II.

Count II of the Second Amended Complaint alleges violations of the Florida Consumer Collections Practices Act ("FCCPA").  The allegations of the complaint fail to include facts describing who the defendants purportedly disclosed information to or what information was disclosed.  In Count II, the plaintiff alleges that the defendants did not validate the debt or attach any documentation to the lawsuit filed on behalf of the defendant in state court.  Additionally, in Count II, the plaintiff alleges that the defendants violated the FCCPA subsection 9 by claiming, attempting, or threatening to enforce a debt when such persons knew that the debt was not legitimate.  To support the allegation, the plaintiff contends that the defendants violated the subsection by filing a lawsuit on behalf of American Express in state court without the original wet ink signature contract and no general ledger of the alleged account as required by law.

The pleading deficiencies that plaintiff alleges constitute violations of the FCCPA were addressed in a factually similar case, Krawczyk v. Centurion Capital Corp., 2009 WL 395458, *9 (N.D. Ill. Feb. 18, 2009).  In Krawczyk, the court found that "failing to attach the agreement to the complaint does not make the allegation of indebtedness 'false.'"  Id.  The court explained that compliance with procedural pleading requirements was well within the province of the state court judge.  Id.  The court concluded that "a judgment about the quality of the pleadings and evidence submitted in state court should be left to the discretion of the state court judge."  Id. The Krawczyk court held

3

that the failure to attach documentary evidence of debt to the state court complaint was "insufficient to sustain a claim under the FDCPA." In the present case, the procedural deficiencies that form the basis of the alleged violations of the FCCPA are equally inadequate and subject to dismissal.

Additionally, Florida's litigation privilege "may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1277 (11th Cir. 2004); see Fariello v. Gavin, 873 So. 2d 1243, 1245 (Fla. 5th DCA 2004) (dicta) (recognizing that the defense may be raised in exceptional cases on a motion to dismiss when the "facts giving application to the [litigation privilege] defense are clearly apparent on the face of the complaint").

In the present case, the allegations and certain exhibits to the Second Amended Complaint that address the timing of the correspondence between the defendants and the plaintiff reveal on their face that the defendants were entitled to assume the debt to be valid based on the plaintiff's untimely notice of dispute and request for validation. "Under Florida law, absolute immunity 'must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, (M.D. Fla. 2008) (quoting Echevarria, McCalla, Raymer Barrett & Frapier v. Cole, 950 So.2d 380, 384 (Fla. 2007)). The state court debt collection action remains pending. Count II is dismissed for failing to state a cause of action.

Finally, the claim against the individual attorney defendant is subject to dismissal. See Garcia v. Jefferson Capital Systems, LLC, 2007 WL 1364382, *1 n.2

(May 9, 2007)(recognizing that "'individuals do not become 'debt collectors' simply by working for or owning stock in a debt collection company, ... the Act does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies....'")(quoting Pettit v. Retrieval Masters Creditors, 211 F.3d 1057, 1059 (7th Cir. 2000)(citations omitted).  The plaintiff's motion for leave to amend to add two additional attorneys as defendants would be subject to dismissal on the same grounds and thus, is futile.  Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004)("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").  Where, as here, the complaint as amended is still subject to dismissal, denial of leave to amend is justified.  Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (affirming denial of motion for leave to amend based on futility).  The plaintiff's motion for leave to amend to add two additional attorneys is denied.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **19th** day of September, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

Copies mailed by Chambers to:
Juan Abanto, *pro se*
4250 SW 67 Avenue #22
Miami, FL 33155