UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24543-CIV-O'SULLIVAN

[CONSENT CASE]

JUAN ABANTO,

    Plaintiff,

v.

HAYT, HAYT & LANDAU, P.L.,
et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the plaintiff's Motion for Reconsideration under Rule 59(e) Motion to Amend and Alter Judgment (DE# 54, 9/27/12). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the plaintiff's Motion for Reconsideration under Rule 59(e) Motion to Amend and Alter Judgment (DE# 54, 9/27/12) is DENIED.

## ANALYSIS

### I.    Standard for Reconsideration under Federal Rule 59(e)

A motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure must demonstrate why the Court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." PaineWebber Income Properties Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995) (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)). The decision whether to grant or deny a Rule 59(e) motion is

discretionary.  Wendy's International, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D. Fl. 1996).  Most importantly, a motion for reconsideration should raise new issues and not merely "reiterate arguments previously made."  Z.K. Marine, Inc. v. M/V Archigetis et al., 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).

A motion for reconsideration should not be used as a vehicle to reiterate arguments that were previously made:

> [It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly . . . .  The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.  Such problems rarely arise and the motion to reconsider should be equally rare.

Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted); see also Wendy's International, 169 F.R.D. at 686 (A Rule 59(e) motion should not be used to relitigate old issues or to refute a Court's prior decision).

## II.   Plaintiff Fails to Raise New Issues

In his motion for reconsideration, the plaintiff fails to raise new issues.  The facts and case law cited in his motion existed at the time he filed his response to the defendants' motion to dismiss.

### A.   Count I Failed to State a Claim under the federal Fair Debt Collection Practices Act

Pursuant to Sub-section 1692g(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"), the debt collector may assume the debt to be valid "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt or any portion thereof...." 15. U.S.C. § 1692 et seq. This Court dismissed with prejudice Count

I of his Second Amended Complaint because the plaintiff failed to request verification of the debt within thirty days of receipt of the notice as required under the federal FDCPA. See Second Amended Complaint and the exhibits attached thereto.

### B. Count II (Violation of Florida Consumer Collection Practices Act) is Barred by the Litigation Privilege

Plaintiff's state law claim for violation of the Florida Consumer Collection Practices Act ("FCCPA") is barred by the litigation privilege. "Florida law provides complete judicial immunity 'to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding.'" Perez v. Bureaus Inv. Group No. II, LLC, Case No. 09-CV-20784, 2009 WL 1973476 *3 (S.D. Fla. July 8, 2009) (quoting Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007) (quoting Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. United States Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994)). The filing of the state court collection action relates to a judicial proceeding, and is the sole basis of the plaintiff's FCCPA claim asserted in Count II of his Second Amended Complaint. See Perez , 2009 WL 1973476 at *3 (citing Gaisser v. Portfolio Recovery Associates, 571 F. Supp. 2d 1273 (S.D. Fla. 2008)).

In his motion for reconsideration, the plaintiff cites the Supreme Court's decision in Heintz v. Jenkins, 514 U.S. 291 (1995). The Heintz decision was available to the plaintiff at the time he filed his response to the defendants' motion to dismiss and at the time he filed his motion for leave to file a third amended complaint. Heintz held that "the [FDCP] Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Id. At 299. Heintz does not change the outcome here. Because the FCCPA mirrors the federal statute, courts must

give "due consideration and great weight" to federal interpretations of the FDCPA in applying and interpreting the FCCPA. Fla. Stat. § 559.77(5). The plaintiff's untimely request for verification of the debt negates his allegations that the defendants violated the FCCPA because they filed a state court action to collect the debt *after* the thirty day period expired. See, Perez and Gaisser, *supra*. Due to the plaintiff's failure to request verification of the debt within thirty days of receipt of the notice, Count II of the Second Amended Complaint fails to state a cause of action.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **18th** day of October, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

Copies mailed by Chambers to:
Juan Abanto
4250 SW 67 Avenue #22
Miami, FL 33155